Julian PELLUMBI, Petitioner,

v.

Alberto GONZALES, Attorney
General,* Respondent.

Docket No. 03–40938.

United States Court of Appeals,
Second Circuit.

Aug. 11, 2005.

Carl M. Weideman, Grosse Pointe
Woods, MI, for Petitioner.

Fred B. Westfall, Assistant United
States Attorney (Kasey Warner, United
States Attorney), Charleston, WV, for Re-
spondent.

Present: POOLER, SOTOMAYOR,
Circuit Judges, and KORMAN, District
Judge.**

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED** that the peti-
tion be, and it hereby is, **DENIED.**

Petitioner Julian Pellumbi, a citizen of
Albania, petitions for review from an order
of the Board of Immigration Appeals
("BIA"), dated October 16, 2003, dismiss-
ing Pellumbi's appeal of an Immigration
Judge's denial of Pellumbi's application for
asylum, withholding of removal, and relief
under the United National Convention
Against Torture and Other Cruel, Inhu-
man or Degrading Treatment or Punish-

---

* United States Attorney General Alberto Gon-
zales is substituted as Respondent. *See* Fed.
R.App. P. 43(c)(2).

** The Honorable Edward R. Korman, Chief
Judge of the United States District Court for
the Eastern District of New York, sitting by
designation.

ment ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues.

Pellumbi's claims for relief stem from the persecution he allegedly suffered in Albania as a result of his participation in the Albanian Democratic Party. Pellumbi testified that he was detained, interrogated, and beaten on several occasions on account of his political opinion. The BIA's dismissal of Pellumbi's claim relied principally on his failure to provide either (1) "specific, detailed, and credible testimony" or (2) sufficient corroborative evidence.

This Court reviews the BIA's factual findings, including its credibility determinations, pursuant to a substantial evidence standard. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 177–78 (2d Cir.2004). We can only reverse the BIA's determination for lack of substantial evidence if no reasonable fact-finder could have made that determination. *Id.* at 177.

Based on our review of the record and relevant case law, we conclude that a reasonable fact-finder could have found that Pellumbi's testimony was not detailed enough, and that his corroborating evidence was not substantial enough, to provide a plausible and coherent account of political persecution. For instance, it was reasonable for the BIA to determine that Pellumbi's testimony about the persecution he suffered at a protest of Albanian businessmen was insufficient because it did not include details such as the date of the demonstration or the number of police officers who participated in the beating. *Cf. Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003) ("[T]estimony is 'too vague' if it doesn't identify facts corresponding to each of the elements of one of the 'refugee' categories of the immigration statutes, as interpreted by the BIA and the federal courts."). Accordingly, we rule that the BIA's denial of Pellumbi's asylum claim was supported by substantial evidence.

Because Pellumbi has failed to satisfy his burden with respect to asylum relief, *see* 8 U.S.C. § 1101(a)(42)(A), it follows that he has also failed to satisfy the requirements for withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(A). Furthermore, the BIA's denial of Pellumbi's CAT claim was also supported by substantial evidence because he did not submit sufficient evidence indicating that it is more likely than not that he will be tortured upon return to Albania. *See* 8 C.F.R. § 208.16(c)(2); *cf. Islami v. Gonzales,* 412 F.3d 391, 398 (2d Cir.2005) (holding that IJ's denial of CAT relief was supported by substantial evidence where petitioner "did not come close to showing that he was likely to be tortured were he to be returned to Kosovo").

For the foregoing reasons, the petition for review is DENIED.